**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| KEVIN E. JACOBS | : No. 57 MAL 2016 |
| | : |
| | : Petition for Allowance of Appeal from |
| v. | : the **Published Opinion and Order** of |
| | : the Commonwealth Court at No. 484 |
| | : CD 2015, at 129 A.3d 639 (Pa. Cmwlth. |
| UNEMPLOYMENT COMPENSATION | : 2015) (Pellegrini, P.J., Leavitt, **Covey**, |
| BOARD OF REVIEW (BRIDGEVIEW | : JJ.), exited December 21, 2015, |
| PARTNERS) | : **reversing** the Order of the |
| | : Unemployment Compensation Board of |
| | : Review at No. B-576053 exited March |
| PETITION OF: UNEMPLOYMENT | : 11, 2015 |
| COMPENSATION BOARD OF REVIEW | : |

**DISSENTING STATEMENT**

**CHIEF JUSTICE SAYLOR**                              FILED: May 10, 2016

I respectfully dissent from the merits-based disposition of this case, since *per curiam* reversals at the allocatur stage are problematic. *See, e.g.*, DARLINGTON, *ET AL.*, 20 PENNSYLVANIA APPELLATE PRACTICE §1122:1 (2015-2016 ed.) (commenting on this "unusual" practice as being contrary to the appellate rules and depriving the parties of the opportunity to brief and argue the issues). Such orders are appropriate under limited circumstances, *see* 210 Pa. Code §63.6(B); *Commonwealth v. Maurer*, 102 A.3d 421, 421-22 (Pa. 2014) (Saylor, J., dissenting), and the litigants should be afforded a reasonably developed explanation for the reversal of the intermediate appellate court's rationale.

I do not believe that the majority's citation to generic constructs concerning the UCBR's status as fact-finder and the need for appellate deference on questions of

credibility, without a discussion of the particular facts of this case, fulfills this objective. Indeed, the case upon which the majority relies, *Peak v. UCBR*, 501 A.2d 1383 (Pa. 1985), is factually distinguishable and, thus, does not constitute directly controlling authority under an analogous paradigm. Accordingly, this Court should, at most, grant the request for allocatur and consider the merits upon full briefing by the parties.

Justice Dougherty joins this dissenting statement.